IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LARRE ANTHONY HOLLAND, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 3:15cv333-WHA |
| ) | |
| CITY OF AUBURN, ALABAMA, etc., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I.      INTRODUCTION**

This cause is before the court on a Motion to Dismiss First Amended Complaint (Doc. #21), filed by the Defendants, the City of Auburn, Alabama; Paul Register ("Register"); and George Creighton ("Creighton").

The Plaintiff filed a Complaint in this case on May 19, 2015.   With leave of court, after the court's ruling on a previous Motion to Dismiss, the Plaintiff filed a First Amended Complaint. The Plaintiff brings the following claims, Count One:   Violation of 42 U.S.C. §1983, unlawful seizure against Creighton; Count Two: False Arrest against Creighton; Count Three: False Imprisonment against Creighton; Count Four: Malicious prosecution against Creighton; Count Five: Failure to Properly Screen and Hire against Register and the City of Auburn; and Count Six: Violation of 42 U.S.C. §1983 Failure to Property Train against Register and the City of Auburn; Count Seven: Violation of 42 U.S.C. §1983 Failure to Supervise against Register; Count Eight: False Arrest and False Imprisonment under Georgia law against Creighton; Count Nine: Malicious Prosecution under Georgia Law against Creighton; Count Ten: Negligence under Georgia Law against Auburn and Register; Count Eleven: Intentional Infliction of Emotional

Distress against Creighton; Count Twelve: False Arrest and False Imprisonment under Alabama law against Creighton; Count Thirteen: Negligence under Alabama law against Auburn and Register; Count Fourteen: Intentional Infliction of Emotional Distress under Alabama law against Creighton; Count Fifteen: Punitive damages as to all Defendants; Count Sixteen: Damages as to all Defendants; Count Seventeen: Attorneys' fees as to all Defendants.

For reasons to be discussed, the Motion to Dismiss is due to be GRANTED as to the federal claims and the court will decline to exercise supplemental jurisdiction as to the state law claims.

## II.   MOTION TO DISMISS

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).    In analyzing the sufficiency of pleading, the court is guided by a two-prong approach:   one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief. *See   Ashcroft v. Iqbal,* 556 U.S. 662*,* 678-79 (2009).    "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."    *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).    To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.    The factual allegations   "must be enough to raise a right to relief above the speculative level."  *Id*. at 555.

### III.  FACTS

The allegations of the Plaintiff's First Amended Complaint are as follows:

In March of 2014, the Plaintiff, Larre Anthony Holland ("Holland"), was arrested at his place of employment by a State of Georgia Sheriff's Department officer and a United States Marshal.  Holland's person and vehicle were searched.  Holland was not an occupant of the vehicle at the time of the search.

Holland was taken to the Clayton County, Georgia jail.  Waiver of extradition forms were executed, bond was denied, and Holland remained in jail.

Holland arrived in Auburn, Alabama and was told that he was charged with armed robbery of a Kevin McCarley ("McCarley") who was a taxi driver who reported that he had been robbed by a person from a specific phone number.  The phone number belonged to a Stephanie Young who lived in Fairburn, Georgia.

The First Amended Complaint alleges that Creighton, a City of Auburn Police Officer, determined that Holland had once been associated with the Fairburn, Georgia address and so decided that Holland was the prime suspect.  Creighton took an image of Holland and placed it with other images in front of McCarley.  McCarley identified Holland as the perpetrator of the robbery.  When Holland met with Creighton, Creighton was rude and cussed at Holland.

Defendant Register is alleged to be the Chief of Police and Creighton's supervisor.

Holland alleges in the First Amended Complaint that Creighton drafted and presented an invalid warrant that lacked material information to a judge and forwarded the warrant to the Clayton County, Georgia Sherriff's department in coordination with the United States Marshal's office which caused Plaintiff to be arrested.  Holland also alleges that Creighton knew that there

3

was insufficient probable cause to secure the warrant so he deliberately failed to disclose Holland's association to the address associated with the cellphone used in the alleged armed robbery. (Doc. #18 at p.12). The Defendants have provided the warrant affidavit, referred to in the First Amended Complaint. The document is an affidavit of McCarley. (Doc. #22-1).

Holland's alibi was that he was shopping at Kroger in Union City, Georgia at the time of the robbery. Surveillance video was sought from the Kroger, and the footage confirmed that Holland was there at the time of the robbery. The armed robbery charges were dismissed.

## IV. DISCUSSION

### Federal Claims

A. Counts One, Two, Three

As to Counts One, Two, and Three, 42 U.S.C. § 1983 claims against Creighton for unlawful seizure, false arrest, and false imprisonment, respectively, the Defendant states that Holland has failed to state a claim, and also moves for dismissal on the basis of qualified immunity. The Defendant states that Counts One, Two, and Three, are essentially the same claim and should be dismissed because a warrant was issued in this case, so that the only claim available to Holland is one for malicious prosecution.

In response, Holland cites the court to *Snodderly v. R.U.F.F. Drug*, 239 F.3d 892 (7th Cir. 2001), for the proposition that a plaintiff can proceed on a false arrest and a malicious prosecution claim when an arrest is made pursuant to a warrant. In *Snodderly*, however, the court was analyzing whether the claims were time-barred and noted that "claims for unlawful arrests made pursuant to a warrant would have been brought as malicious prosecution claims under the common

law." *Id.* at 900.

In the Eleventh Circuit, the issuance of a warrant—even an invalid one—constitutes legal process, and therefore, where an individual has been arrested pursuant to a warrant, his claim is for malicious prosecution rather than false arrest. *Carter v. Gore*, 557 F. App'x 904, 906 (11th Cir. 2014); *see also Whiting v. Traylor*, 85 F.3d 581, 585 (11th Cir. 1996) (noting that the tort most analogous to a seizure pursuant to legal process is malicious prosecution). A Fourth Amendment malicious prosecution claim can arise even if a magistrate approves an arrest warrant, where the officer who applied for the warrant presented evidence insufficient to establish probable cause. *Carter*, 557 F. App'x at 908 (citing *Malley v. Briggs*, 475 U.S. 335, 345 (1986)). Therefore, the Motion to Dismiss is due to be GRANTED as to the claims for unlawful seizure, false arrest, and false imprisonment in Counts One, Two, and Three, and Holland's available theory is one for malicious prosecution, discussed below.

It appears that Holland intended to assert an illegal search claim in his claim against Creighton in Count One.[1] The Defendants point out that this court's Order on its previously-filed Motion to Dismiss explained that Holland should file an Amended Complaint which separated each federal claim out in a separate count. (Doc. #17).

The court agrees that Holland did not comply with this court's Order and that any purported illegal search claim is due to be dismissed on that basis.

The Defendants also argue that any purported illegal search claim is due to be dismissed even if the court considers it because there is no allegation in the Amended Complaint that Creighton participated in any search or that any officers who conducted any search were subject to

---

[1] Count One is labeled "Unlawful Seizure as to Defendant Detective Creighton," but also states that he was arrested and his person and automobile were searched unlawfully. (Doc. #18).

5

his supervision.  The Defendants further argue that Holland was searched incident to his arrest and his vehicle was searched under the automobile exception to the warrant requirement.

With regard to the search of his person, Holland argues that Creighton led the investigation and so should be held responsible for the search of the vehicle.  Holland cites to *Hunt v. Tomplait*, No. 08-40491, 2008 WL 5129642, at *4 (5th Cir. 2008).  The court notes that the *Hunt* decision relies on the Eleventh Circuit's decision in *Hartsfield v. LeMacks*, 50 F.3d 950 (11th Cir. 1995).  In *Hartsfield*, an officer had been to a residence and observed a drug buy.  He obtained a warrant for the residence and although he had the warrant in his possession, he did not check to make sure that he was leading the other officers to the correct address, leading to a mistaken entry of another residence.  The court concluded that the officer was not entitled to qualified immunity because a reasonable police officer knows that searching the wrong residence when the officer had done nothing to be sure he was searching the house described in the warrant violates the law.  50 F.3d at 955.

There is an allegation in the First Amended Complaint that Creighton led the officers to the arrest of Holland, which then was the basis for the search incident to arrest.  It appears to the court, therefore, that if the court were to consider the illegal search of his person claim, whether Holland has plausibly stated a claim for unlawful search will depend on whether he adequately stated a claim for malicious prosecution in Count Four, because if the arrest was lawful, the search of Holland incident to that arrest would be lawful.  *See United States v. Robinson*, 414 U.S. 218, 233–34 (1973) (stating a "custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification.").

Holland has alleged a separate factual foundation for the search of the vehicle; namely, that he had not been a recent occupant of his vehicle at the time it was searched. (Doc. #18 at p. 4). There is no allegation in the Amended Complaint, however, that Creighton played any role in the search of the vehicle, that he supervised the officers who searched the vehicle, or that Creighton did anything to lead the officers who searched the vehicle to conduct that search without a warrant. To find a constitutional violation under the facts as alleged would be an extension of the principles cited in *Hartsfield* to facts which are substantially different. That aspect of the claim is, therefore, due to be dismissed on that alternative ground.[2]

## B. Count Four

The Defendant Creighton contends that the 42 U.S.C. § 1983 claim against him for malicious prosecution in Count Four is due to be dismissed because Holland has failed to state a claim for malicious prosecution and because Creighton is entitled to qualified immunity.

Qualified immunity is a protection designed to allow government officials to avoid the expense and disruption of trial. *Ansley v. Heinrich*, 925 F.2d 1339, 1345 (11th Cir.1991). As a preliminary matter, the court must determine whether the public official was acting within the scope of his discretionary authority at the time the allegedly wrongful acts occurred. *See Rich v. Dollar*, 841 F.2d 1558, 1563 (11th Cir. 1988). Once it is established that a defendant was acting within his discretionary authority, the court must determine whether "[t]aken in a light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a

---

2 Furthermore, the court cannot conclude that it is clearly-established that an officer who leads other officers to an arrest, but who is not present at the scene, can be held responsible for their decision to search the arrestee's vehicle of which he is not an occupant. *Cf. Mehta v. Foskey*, 877 F. Supp. 2d 1367 (S.D. Ga. 2012) (finding that law is not clearly established that an officer can be held liable for failing to intervene in a search conducted by officers from a different political subdivision).

constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "[I]f a constitutional right would have been violated under the plaintiff's version of the facts," the court must then determine "whether the right was clearly established." *Wood v. Kesler,* 323 F.3d 872, 878 (11th Cir. 2003).

Requiring that a constitutional right be clearly established means that liability only attaches if "[t]he contours of the right [violated are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *United States v. Lanier*, 520 U.S. 259, 270 (1997). In other words, a defendant is entitled to "fair warning" that his conduct deprived his victim of a constitutional right. *Hope v. Pelzer*, 536 U.S. 730, 741 (2002).

Holland argues that Creighton has not demonstrated that he was engaged in a discretionary function so as to be entitled to invoke qualified immunity, because he has argued that it was the victim, and not Creighton, who swore out the affidavit upon which Holland's arrest was based and that Creighton himself did not participate in the arrest. Although Creighton has moved for dismissal on the ground that the victim, and not Creighton, instituted the prosecution, he also has pointed out that the First Amended Complaint alleges that Creighton was the detective who conducted an investigation which led to Holland's arrest. (Doc. #22 at p.25). The First Amended Complaint also alleges that Creighton failed to disclose material information as to the nature of Holland's association with the registered address of the cell phone used in the robbery. (Doc. #18 at p.4). The First Amended Complaint further alleges that Creighton sent the arrest warrant to the State of Georgia to cause Holland's arrest. (Doc. #18 at p.4). The court concludes, therefore, that the discretionary function prong of qualified immunity analysis has been met. *See Brock v. City of Zephyrhills*, 232 F. App'x 925, 927-28 (11th Cir. 2007) (stating that "acts of obtaining and executing a warrant for an arrest and performing a search of a vehicle and residence

qualify as discretionary functions of law enforcement officers.").

As to the federal law at issue, a federal malicious prosecution claim requires a showing of the elements of the common law tort of malicious prosecution, and a violation of the right to be free from unreasonable seizures. *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004). The common law tort of malicious prosecution has the following elements: a criminal prosecution instituted by the defendant, with malice and without probable cause, that terminated in the accused's favor, and caused damage. *Grider v. City of Auburn*, 618 F.3d 1240, 1256 (11th Cir. 2010). Probable cause exists if the facts and circumstances within the officer's knowledge, of which he has reasonably trustworthy information, would cause a prudent person to believe that the suspect has committed an offense. *Grider*, 618 F.3d at 1257.

Creighton argues that Holland's arrest was supported by probable cause because, under the facts as alleged in the First Amended Complaint, Holland was associated with the registered address of the cell phone used to set up the robbery, he matched the robber's physical description, and the robbery victim positively identified Holland in a photo lineup.

Holland's argument in response is that Creighton cannot rely on the victim's identification of Holland because Creighton's investigation led to Holland being a suspect in the first place. Holland alleges that Creighton drafted and presented an invalid warrant, and argues in brief that Creighton drafted the warrant affidavit and that the affidavit omitted that and the duration of Holland's association with that address. Holland states that if the judge had known that "Plaintiff was perhaps only associated with address thirty years proceeding," the judge would not have found probable cause. (Doc. #26 at p.18). That statement, however, is not an allegation in the First Amended Complaint, which was filed after the court directed Holland to make a more definite

9

statement of his claims, and include the facts relevant to each of his claims. (Doc. #17).   The factual allegations of the First Amended Complaint regarding the warrant affidavit are that Creighton "failed to disclose material information in his arrest affidavit as to the nature of the Plaintiff's association to the address associated with the cellphone used in the alleged robbery." (Doc. #18 at ¶11).   Count Four of the First Amended Complaint alleges that Creighton deliberately "failed to disclose Plaintiff's association to the address associated with the cellphone used in the alleged armed robbery."   (Doc. #18 at ¶54).

Holland relies on the legal argument that an officer violates the constitution where he prepares a warrant affidavit that contains omissions made intentionally or with a reckless disregard for the accuracy of the affidavit, and where the inclusion of the omitted facts would have prevented a finding of probable cause, citing *Madiwale v. Savaiko*, 117 F.3d 1321, 1326 (11th Cir. 1997). Holland states that he only became a suspect in the line-up to be identified by the eye witness because of the unspecified association to the address linked to the robbery, and had that association been disclosed, there would have been no probable cause.

Creighton argues that in this case, even if the court were to accept that Creighton is at fault for not explaining Holland's association with the address of the cell phone, the warrant affidavit does not violate the Fourth Amendment because even if the omitted material had been included in the affidavit, the affidavit would have established probable cause.   Creighton also argues that the allegation of a positive identification by the victim of Holland from a photo lineup, standing alone, constituted probable cause for Holland's arrest.

In a case such as this one involving an arrest pursuant to a warrant, the issue of whether a constitutional violation has occurred turns on the contents of the affidavit supporting the warrant

because a warrant will not shield an officer when the warrant affidavit is "so lacking in indicia of probable cause as to render official belief in its existence unreasonable." *Malley v. Briggs*, 475 U.S. 335, 345 (1986). Negligent or insignificant omissions will not invalidate a warrant and "even intentional or reckless omissions will invalidate a warrant only if inclusion of the omitted facts would have prevented a finding of probable cause." *Madiwale v. Savaiko*, 117 F.3d 1321, 1327 (11th Cir.1997). To determine materiality, a court must "excise the offending inaccuracies and insert the facts recklessly omitted, and then determine whether or not the 'corrected' warrant affidavit would establish probable cause.'" *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir.2000).

The Third Circuit has applied this analysis in a case similar to this one in that a victim identified the suspect from a photo array. *Wilson*, 212 F.3d at 788. The court explained that while "a positive identification by a victim witness, without more, would usually be sufficient to establish probable cause, this qualified precept cannot be rendered absolute" because "exculpatory evidence or substantial evidence of the witness's own unreliability that is known by the arresting officers could outweigh the identification such that probable cause would not exist." *Id.* at 790. In that case, the warrant application stated that the victim had identified the suspect in a photo line-up, but did not disclose that the investigative report identified the suspect as being taller than the suspect was, that one of the victims did not pick the suspect out of the photo lineup, and that the suspect looked ethnically different from other suspects in the photo lineup. *Id.* at 788. The court, however, affirmed the district court's conclusion that the exculpatory facts, when weighed against the inculpatory facts, were not strong enough to undermine a finding of probable cause so that a reasonable jury could conclude that the "corrected" warrant lacked probable cause. *Id.* at 791-92.

11

In this case, the warrant affidavit included information that there was a positive identification by the victim of the suspect in a photo line-up, the suspect matched the physical description given by the victim, and the telephone number of the cell phone used in the robbery was registered at an address of a Stephanie Young which was associated with the suspect. (Doc. #22-1).  The court agrees with the reasoning of the Third Circuit that a positive identification by a witness might not be dispositive of the probable cause inquiry in every case, but in this case, the court cannot conclude that Holland has alleged sufficient facts to demonstrate that Creighton omitted exculpatory evidence which outweighed the identification such that probable cause would not exist.   Setting aside the conclusory allegation in the First Amended Complaint that "material information" was omitted, (Doc. #18 at p.11), as the court must in ruling on a Motion to Dismiss, *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009), Holland has not alleged any facts omitted by Creighton which could be considered exculpatory or which would undermine the witness' identification.   He has referred only to a lack of unspecified details about the association of Holland with Stephanie Young's address.    Rather than undermine a finding of probable cause, the facts as alleged in the First Amended Complaint support a finding as a matter of law that there was probable cause to arrest Holland.   *See*, *e.g., Hunter v. Schoeppner*, 559 F. App'x 893, 895 (11th Cir. 2014) (finding probable cause where "a demand note left at one of the robberies was written on a check issued to Hunter's business; Hunter resembled the robber depicted in the surveillance videotapes; and witnesses at Emory and BB & T identified Hunter, albeit 'tentatively,' as robbing those institutions.").

Creighton has also argued that he had arguable probable cause, and is therefore entitled to qualified immunity.   *Madivale*, 117 F.3d at 1324.   It was clearly established law at the time of the

events in question that a police officer would not be protected by qualified immunity if he applied for an arrest warrant where "a reasonably well-trained officer ... would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant." *Garmon v. Lumpkin County, Georgia*, 878 F.2d 1406, 1410 (11th Cir.1989). "[A]n officer would not be entitled to qualified immunity when 'the facts omitted . . . were . . . so clearly material that every reasonable law officer would have known that their omission would lead" to a violation federal law. *Madivale*, 117 F.3d at 1327 (quoting *Haygood v. Johnson*, 70 F.3d 92, 95 (11th Cir. 1995)). In this case, that standard has not been met. *See Myers v. Bowman*, 713 F.3d 1319, 1326-27 (2013) (stating that generally an officer is entitled to rely on a victim's criminal complaint as support for probable cause). Instead, a reasonable officer would not have known that proceeding with an arrest warrant when there was a positive identification by the victim and the suspect matched the physical description, was not based on probable cause because the officer did not disclose all details known to him of the association of the suspect with the registered address of the cell phone.[3] The Motion to Dismiss is due to be GRANTED as to the malicious prosecution claim in Count Four, and, as discussed above, to the extent that one has been properly brought, the unlawful search claim in Count One.

    C.   Due Process, Equal Protection, and Illegal Procedure Claims

In his brief in response to the Motion to Dismiss, Holland has argued that he has adequately pled due process, equal protection, and illegal procedure claims. In so-arguing, the Plaintiff cites

---

[3] The same analysis would apply even if the court were to consider the statement alluded to in Holland's brief that Holland's association with the address arose many years before the events in question because that information would not undermine the witness's veracity who identified Holland in a photo line-up to the extent that Creighton would not have arguable probable cause.

to Doc. #1, the original Complaint.   The First Amended Complaint takes the place of that Complaint, however.   There are no counts alleging those claims in the First Amended Complaint.[4]   Holland, therefore, has failed to point to an allegation of a plausible claim for violation of due process, equal protection, or a claim of illegal procedures, and the Motion to Dismiss is due to be GRANTED as to these theories on that basis.[5]

### D. Counts Five, Six, Seven

Counts Five and Six assert §1983 municipal liability claims against the City for inadequate screening and training, and Counts Five, Six, and Seven assert § 1983 claims against Defendant Register for inadequate screening, training, and supervision.   The Defendants argue that there is a failure to state any of these claims primarily because there is no underlying constitutional violation, but they also go on to argue that Holland has not sufficiently alleged a basis for municipal or supervisory liability.

Holland responds that this court may not apply a heightened pleading standard and that he needs discovery to show that the City of Auburn had a custom or practice that takes the force of

---

[4] Due process and equal protection are invoked as damages within the Count Four malicious prosecution claim.   (Doc. #18 at p.13).   Including them within the same claim would also violate the court's previous Order because the claims are not separated out into separate counts.

[5] Although the Defendants take the position that these claims were omitted from the First Amended Complaint, to the extent that such claims might be contained within the Amended Complaint, the Defendants argue that Holland fails to state a claim for violation of due process because allegations of illegal seizures are governed by the fourth amendment, not the due process clause of the fourteenth amendment.   *See Albright v. Oliver*, 510 U.S. 266, 273-4 (1994).   As to the equal protection claim, the Defendants argue that Holland does not allege that he was treated differently from others similarly situated.   *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1202 (11th Cir. 1997).   Finally, as to an illegal procedures theory, the Defendants contend that that claim is not a separate constitutional violation.   The court agrees with the Defendants on these points.   The Motion to Dismiss is due to be GRANTED as to these claims on these alternative grounds.

law.   Holland does not respond to the Defendants' arguments regarding supervisory liability.

Neither a municipality nor a supervisor can be held liable when there is no underlying constitutional violation by a municipal employee.   *See Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998) (stating that "a municipality may be held liable for the actions of a police officer only when municipal 'official policy' causes a constitutional violation."); *Myers v. Bowman*, 713 F.3d 1319, 1328-29 (11th Cir. 2013) (stating a "supervisor may not be held liable under section 1983 unless the supervised official committed an underlying violation of a constitutional right.").    Therefore, the Motion to Dismiss is due to be GRANTED as to those Counts, the court having found that there is no underlying constitutional violation adequately alleged in this case.

Even if there were an adequately-alleged constitutional violation, Holland has failed to adequately allege a basis for municipal or supervisory liability.   The Amended Complaint alleges that the Defendants failed to properly screen and hire as a matter of policy, custom, and practice, and failed to maintain adequate and proper training, and that this was done with deliberate indifference. (Doc. #18 at ¶62, 71).   In the Eleventh Circuit, under the Rule 8 pleading standard, "repeated allegations the Supervisory Defendants were deliberately indifferent or their actions constituted or resulted in deliberate indifference carry no weight." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013).   The court cannot rely on conclusory allegations, but must examine factual allegations. *Id.*   The Eleventh Circuit also rejected a discovery argument similar to that advanced by Holland, citing a First Circuit case for the proposition that "the discovery process is not available where, at the complaint stage, a plaintiff has nothing more than unlikely speculations. While this may mean that a civil plaintiff must do more detective work in advance, the reason is to

protect society from the costs of highly unpromising litigation." *Id.* at 1252 n.6 (quoting *DM Research, Inc. v. Coll. of Am. Pathologists*, 170 F.3d 53, 56 (1st Cir.1999)).

Accordingly, the claims in Counts Five, Six, and Seven are due to be DISMISSED.

### State Law Claims

Holland has alleged violations of Alabama and Georgia law in Counts Eight - Fourteen. The decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court. *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir.1999).   The Eleventh Circuit has encouraged district courts to dismiss any remaining state claims when the federal claims have been dismissed prior to trial. *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004).   The court having concluded that all of Holland's federal claims are due to be dismissed, the state law claims will be dismissed,   without prejudice to being timely-filed in state court pursuant to 28 U.S.C. § 1367(d), should the Plaintiff choose to file them there.

### V.   CONCLUSION

For the reasons discussed it is hereby ORDERED as follows:

1. The Motion to Dismiss (Doc. #21) is GRANTED as to Holland's federal claims including the claims for damages associated with those claims and all federal claims are DISMISSED.

2. The court declines to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(c) and those claims are DISMISSED without prejudice.

DONE this 3rd day of December, 2015.


/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE